UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
───────────────────────────────────────

UNITED STATES OF AMERICA,

        Plaintiff,

  vs.

NBT BANK,

        Defendant.
───────────────────────────────────────

**ANSWER**

Civil Action No.:  1:13-cv-1196 (GLS/DEP)

    Defendant NBT Bank, by and through its attorneys, Hinman, Howard & Kattell, LLP, answers plaintiff's complaint as follows:

    1.    Defendant admits the allegations in paragraph 1 of the complaint.

    2.    Defendant admits the allegations in paragraph 2 of the complaint.

    3.    Defendant admits the allegations in paragraph 3 of the complaint.

    4.    Defendant admits the allegations in paragraph 4 of the complaint.

    5.    Defendant repeats and realleges its responses to the allegations incorporated by reference in paragraph 5 of the complaint.

    6.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the complaint.

    7.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the complaint.

    8.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the complaint.

9. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the complaint.

10. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the complaint, except defendant admits that it received a copy of the Notice of Levy, a copy of which is annexed to the complaint as Exhibit 1.

11. Defendant admits the allegations in paragraph 11 of the complaint.

12. Defendant admits the allegations in paragraph 12 of the complaint.

13. Defendant admits the allegations in paragraph 13 of the complaint.

14. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the complaint, except defendant admits that it received the Final Demand for Payment, a copy of which is annexed to the complaint as Exhibit 2.

15. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the complaint, except defendant admits that it responded to the Final Demand for Payment as alleged in said paragraph, admits upon information and belief that the response was sent on August 6, 2012.

16. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the complaint, except defendant admits that it received via certified mail a copy of the summons, a copy of which is annexed to the complaint as Exhibit 3.

17. Defendant admits the allegations in paragraph 17 of the complaint.

18. Defendant denies the allegations in paragraph 18 of the complaint, except defendant admits that it did not remit any of the funds in the referenced account to plaintiff..

19. Defendant denies the allegations in paragraph 19 of the complaint.

## FIRST AFFIRMATIVE DEFENSE

20. The account referenced in the complaint was opened in 2002 by the law firm of Vitanza, Shabus & Fertig as an escrow account pursuant to an Escrow Agreement, a copy of which is annexed hereto as Exhibit A. Upon information and belief, Vitanza, Shabus & Fertig represented taxpayer James Omahen in connection with his divorce from Sueko Omahen.

21. Said Escrow Agreement indicated that the funds used to open the account represented monies remaining from the sale of the former marital residence of James Omahen and Sueko Omahen.

22. Said Escrow Agreement provided further that "said monies may not be distributed by either party without the written consent of both parties or an Order of the court, whichever occurs first."

23. Defendant reasonably believed that the account was court-ordered, and that the funds therein could not be released absent the consent of both parties or a court order.

24. After plaintiff served the Notice of Levy in July 2012, an attorney from Vitanza, Shabus & Fertig provided the bank with a closeout ticket signed by both James Omahen and Sueko Omahen. Defendant accordingly released the funds in the account in accordance with the Escrow Agreement. One-half of the funds were released to James Omahen and one half were released to Sueko Omahen.

## SECOND AFFIRMATIVE DEFENSE

25. Upon information and belief, the funds in the account were jointly owned by James Omahen and Sueko Omahen. In the alternative, a portion of the funds were owned by James Omahen and a portion of the funds were owned by Sueko Omahen.

26. At the time the Notice of Levy was filed, defendant did not know what portion of the funds, if any, were owned by James Omahen and which portion were owned by Sueko Omahen.

27. Upon information and belief, based upon the closeout ticket presented by taxpayer's attorney and the withdrawal of one half of the funds each by James Omahen and Sueko Omahen, one half of the funds were owned by Sueko Omahen.

28. If defendant is found liable to plaintiff, its liability should be limited to one half of the amount in the account.

### THIRD AFFIRMATIVE DEFENSE

29. Defendant acted at all times innocently and in good faith, and acted reasonably under the confusing circumstances presented by the Escrow Agreement.

**WHEREFORE**, defendant demands judgment dismissing the complaint, together with the facts and circumstances of this action, and whatever other or further relief which to the Court seems just and proper.

Dated:       Binghamton, New York
             December 10, 2013

/s/ Albert J. Millus, Jr.

_____
Albert J. Millus, Jr., Esq., of Counsel
Federal Bar Roll Number 102210
Attorneys for Defendant
HINMAN, HOWARD & KATTELL, LLP
700 Security Mutual Building
80 Exchange St.
P.O. Box 5250
Binghamton, NY  13902-5250
Telephone:  (607) 723-5341